Baehner v. State.

---

## BAEHNER *v.* THE STATE.

[No. 3,346. Filed November 27, 1900.]

TRIAL.—*Witnesses.—Cross-Examination.*—The extent to which the cross-examination of a witness may be carried for the purpose of determining his credibility is within the discretion of the court, and a cause will not be reversed for such reason unless an abuse of discretion is shown. *pp. 598, 599.*

SAME.—*Criminal Law.—Character Witness.*—The character a defendant is permitted to introduce in evidence in the trial of a criminal charge is the character involved in the charge. *p. 599.*

SAME.—*Criminal Law.—Evidence.—Intoxicating Liquors.*—Where, in a prosecution for selling intoxicating liquors on Sunday in violation of law, a witness testified that defendant's character as a saloonkeeper was good, there was no error in permitting the witness to be asked on cross-examination whether he had ever heard about defendant running gambling in connection with the saloon. *pp. 599, 600.*

Baehner v. State.

TRIAL.—*Criminal Law.*—*Character Witness.*—Where, in a criminal prosecution, a witness, who had testified to defendant's good character, said on cross-examination that he had never heard any one speak about his character, it was proper to permit such questions to be asked as would disclose the facts on which the witness based his answer. *p. 600.*

INTOXICATING LIQUORS.—*Illegal Sales.*—*Prosecution.*—*Evidence.*—A judgment convicting defendant of the charge of selling intoxicating liquors in violation of law will not be reversed because the judgment was based on the evidence of two witnesses who were employed to obtain evidence of violation of law and purchased the liquor constituting the illegal sale, since the act of purchasing the liquor was no legal wrong, and it was for the jury to determine the truth of the testimony. *pp. 600, 601.*

CRIMINAL LAW.—*Evidence.*—*Trial.*—In a prosecution for selling liquor in violation of law the court erred in requiring defendant, who voluntarily became a witness in his own behalf, to answer questions on cross-examination which might expose him to criminal prosecution. *pp. 601, 602.*

From the Fayette Circuit Court. *Reversed.*

*D. W. McKee, J. I. Little* and *H. L. Frost,* for appellant. *Reuben Conner* and *Lon Conner,* for State.

ROBINSON, J.—Appellant was convicted of an unlawful sale of intoxicating liquor on Sunday. Motion for a new trial overruled. The error assigned and discussed is overruling the motion for a new trial. There was evidence to sustain a conviction, and though the evidence is conflicting we can not weigh it to determine where the preponderance lies.

The prosecuting witnesses Stalker and Newhouse had been employed to discover violations of the liquor law. Upon re-cross-examination Newhouse was asked "You knew you were committing a crime when you came down here on Sunday?" The objection to this question was properly sustained. The witness' conclusion was not material. It is true that on cross-examination facts tending to impair the credibility of a witness by showing his bias, prejudice, motive, or that he is depraved in character may be shown, but the extent to which such cross-examination may be car-

ried is within the court's discretion, and even if the question in the case at bar was proper cross-examination there was not such an abuse of discretion as to authorize a reversal. *Shields* v. *State,* 149 Ind. 395; *Houk* v. *Branson,* 17 Ind. App. 119.

Objections were sustained to questions asked a witness by appellant as to appellant's general moral character, his general character as a law-abiding citizen and his general character for peace and quietude. This was not error. The rule is that the character a defendant is permitted to introduce in evidence is the character involved in the charge. Appellant introduced a number of 'witnesses who testified that appellant's character as a saloon-keeper was good and that he had the reputation of being a law-abiding saloonkeeper. No reason has been pointed out by appellant's counsel, and we know of none, why a case like that at bar should be an exception to the rule. A witness had testified that appellant's character as a saloon-keeper was good; in effect that as a saloon-keeper he observed the law. There was no error in permitting this witness to be asked upon cross-examination, "You never heard anything said about his running gambling in connection with the saloon?" The question certainly went to the credibility of the witness which was a question for the jury. *McDonel* v. *State,* 90 Ind. 320; *Wachstetter* v. *State,* 99 Ind. 290, 50 Am. Rep. 94; *Shears* v. *State,* 147 Ind. 51.

A number of character witnesses of appellant were asked on cross-examination about whether they knew of a slot machine in appellant's saloon. There was no reversible error in permitting these questions to be asked. They were competent upon the question of the witness' credibility, and appellant was entitled, had he asked it, to an instruction that such evidence should be considered by the jury only as affecting the credibility of the character witness.

A character witness testified to appellant's good character as respects conducting a saloon. Upon cross-examina-

tion he testified that he had never heard anyone speak about appellant's character. Among other questions asked the witness on cross-examination was, "You have seen a slot machine in his room?" Although the witness said he had never heard anyone say anything about appellant's character, yet he testifies his character was good. There was certainly, under such circumstances, no abuse of the court's discretion in permitting a cross-examination which would disclose the basis upon which the witness rested his answer. If in his saloon appellant permitted gambling and slot machines it was proper to ask a witness who had testified as to character, whether the witness knew of the existence of these conditions.

That the verdict is not sustained by sufficient evidence and is contrary to law, and the giving of a certain instruction, are discussed together. It is insisted that there is no legal evidence of guilt; that the two prosecuting witnesses were employed at so much per diem and expenses to obtain evidence of violation of the law; that as such they represented the State and that to permit this conviction to stand is to permit the State to take ádvantage of its own wrong. A number of authorities are cited but they have no bearing upon this case. These cases are to the effect that the detective entered into a conspiracy with the party charged to commit the crime or persuaded him to commit it in order that he might arrest him. The evidence in the case at bar fails to disclose such a state of facts. Appellant does not claim that he was persuaded by these witnesses to make the· illegal sale, but he claims he was not at the saloon and did not make the sale; he denies having seen the prosecuting witnesses. They testified they went to the saloon on Sunday, called for the liquor, it was brought them and they paid for it. They committed no legal wrong in making the purchase. A purchase of liquor during prohibited days or hours does not make the purchaser a party to the crime. The law makes the sale charged an unlawful sale and what-

ever motive the purchaser may have had in making the purchase it can be no justification to the seller violating the law. No legal wrong was committed by the prosecuting witnesses when they purchased the liquor with the intention of making it the basis of a criminal prosecution. They testified that they went to the saloon and purchased the liquor from the appellant and that there were several men in the saloon at the time drinking. Appellant denied making the sale. It was for the jury to say what testimony was true.

Appellant testified in his own behalf, denied selling the liquor as charged, and testified that he did not see either of the prosecuting witnesses in or about his saloon on the day charged. Upon cross-examination he was asked if during the past year he had not maintained an elevator to elevate drinks to the second floor to be drunk upstairs; whether he had not permitted gambling in the room over his saloon; whether he did not maintain a slot machine in his saloon, and whether he had not kept his saloon open for customers on the day of a certain primary election. To these questions appellant's counsel objected on the ground that the answers might expose appellant to criminal prosecutions; and to the questions concerning the use of the elevator and gambling the witness claimed his privilege and refused to answer unless compelled by the court to do so, on the ground that the answers might tend to criminate him. The court required the witness to answer. The witness answered admitting the use of the elevator, that there was a slot machine, that he had kept his saloon open on primary election day, and that there had been gaming in the upper room. Appellant voluntarily became a witness in his own behalf, and it has been held that the testimony of a defendant who testifies in his own behalf should be subject to the tests applied to the testimony of any other witnesses. *Parker* v. *State,* 136 Ind. 284.

It is true appellant voluntarily became a witness in his own behalf and his testimony is subject to the tests applied

to other witnesses. But there can be no reason for refusing to give him the same protection given a witness. Appellant, as a witness, had the right to decline to answer these questions because, under the laws of this State, they would tend to expose him to a criminal prosecution. When he claimed his privilege it was error to compel him to answer. "If," said the court in *City of South Bend* v. *Hardy*, 98 Ind. 577, 49 Am. Rep. 792, "the answer to a question propounded to a witness would furnish a link in the chain of evidence which would convict him of a crime, and if he claim his privilege, he is not bound to answer, whether his answer would be material and relevant, or collateral and irrelevant, to the issue." In *French* v. *Venneman,* 14 Ind. 282, the court said: "A witness can not be compelled to answer any question, the answering of which may expose or tend to expose him to a criminal charge, or any kind of punishment. He is exempted by his privilege from answering not only what will criminate him directly, but also what has any tendency to criminate him. If the fact to which he is interrogated forms but one link in the chain of testimony which would convict him, he should not be required to answer." See *City of South Bend* v. *Hardy, supra,* and authorities there cited.

We are required by §1964 Burns 1894 on appeals in criminal cases to disregard technical errors or defects in the action of the trial court which did not in the court's opinion prejudice the defendant's substantial rights. But we are not prepared to say arbitrarily that denying appellant the privilege the law gave him and compelling him to answer these questions did not prejudice his substantial rights. The motion for a new trial should have been sustained.

Judgment reversed.