## BOOKER v STATE

Ohio Appeals, 4th Dist, Athens Co

Decided August 27, 1929

Messrs. Woolley & Rowland, Athens, for Booker.

Mr. R. D. Williams, Athens, for State.

MAUCK, J.

It is here urged that incompetent testimony was admitted to the prejudice of the accused. The record shows clearly enough that Booker had been twice convicted of violating the liquor laws as charged in the indictment. In proof of the allegation that Booker had been convicted in a court of a justice of the peace the docket entries of the trial justice were placed in the record by the evidence of the successor in office of the trial justice. In addition to that the clerk who made up the docket in that case was called and testified that the docket was made up from the papers in the case. We see no objection to either or both methods of the proof in this respect.

It is further urged that the court erred in admitting in evidence a transcript of the docket entries made by the justice in the preliminary examination of the case on trial, and it would, of course, be incompetent to admit this record as evidence of the truth of the averments of the affidavit embodied therein. The record, however, disclosed that when the accused was arraigned on the charge of which he now stands convicted he entered a plea of guilty. The state was entitled to show this as a confession of guilt, and to identify it as a confession of guilt in the instant case it was proper to show that it was made under an affidavit charging him with the particular offense upon which he was being tried. It was competent for that purpose.

Further complaint runs to questions propounded the accused upon cross examination tending to show his guilt of other offenses. This character of testimony was justified by defendant's attitude on the stand. None of it would have been elicited if he had frankly told the truth in regard to his two previous convictions. He evaded proper questions designed to bring out the truth, and so dodged and equivocated that the state naturally enough elicited a number of court appearances of the accused in its effort to bring out the two appearances and convictions upon which its case depended.

A question of greater difficulty arises from the introduction and the offer to introduce testimony running to the defendant's good character and the rebuttal evidence thereto. It is a well grounded principle in this and practically all other states that one accused of a criminal offense has a right to prove his good character to further fortify the presumption of innocence which the law gives him. It is also well established in this state that as indicating the character of the accused he may show the good reputation he has in the community in which he lives. In showing his character, however, he is confined to that trait of character that is inconsistent with guilt of the offense charged in the indictment. The accused in this case attempted to qualify a witness to testify to the general reputation of the accused for truth and veracity. The objection thereto was properly sustained. Such a reputation might properly be shown in a case of perjury but it is not a trait involved in the unlawful possession of liquor. He then attempted to qualify a witness as to

"the general reputation of Mr. Booker for being a peaceable, quiet, law abiding citizen."

Objection was made to this question because it included the traits of peaceableness and quietude. The court sustained this objection, observing that the crime charged was not one of violence, and in this the court was right for it is of course true that bootlegging may be both peaceable and quiet. Thereupon the record shows this:

"Q What is his reputation in that respect, good or bad?
A You mean his reputation as a citizen in regard to outside of this bootlegging deal? Is that the way you want me to answer?
Q Outside of the charge against him in this trial?
A Is good."

This disclosed that the witness and the parties understood that the court had limited the witness to testifying to the reputation of the accused as a law abiding citizen, and while the witness did not say he was qualified he had shown his qualifications and in this way testified that the accused enjoyed a good reputation as a law abiding citizen.

It is difficult to say just what trait of character is involved in a great many offenses that are deemed **mala prohibita** only and great difficulty has been experienced in laying down any rule that covers such cases. Yet the law is that good character may always be shown. Chamberlayne in Section 3271 of the Modern Law of Evidence.

The same author says (Section 3296) that in the prosecution for a sale of intoxicating liquors the character evidence must be confined to the trait involved and that the accused may not show a good reputation as a law abiding citizen or for peaceableness and quiet. The authorities cited are **Chung Sin v. United States, 4 Ariz. 217, 36 Pac. 205; Westbrooks v. State,**

**76 Miss. 710; 25 So. 491,** and **Baehmer v. State, 25 Ind. App. 597, 58 N. E. 741.** These cases do not quite sustain the text. They do tend to the view that the only objection against showing a good reputation for being law abiding in behalf of one charged with violating the liquor laws is that such reputation is too general and that it should rather be confined to a reputation as a law abiding citizen with reference to the particular sort of law which the accused is charged with violating. There must, however, be some expression that can be employed by one accused of an offense of this kind designed to bring out the good character of the accused, and nothing occurs to us as being better adapted to that purpose than proof that he is a law abiding citizen. That is to say, that he has a regard for the law and observes it because it is the law. So viewing it, we look upon the testimony above quoted as evidence of the accused's good character upon the trait involved in this case, and by bringing out this testimony the accused opened up the question of his good character and made it possible for the state to rebut it. The state did attempt to rebut it by evidence tending to show that the reputation of the accused as a law abiding citizen so far as the liquor laws were concerned was bad, and this testimony we find to have been competent as a matter of rebuttal.

The record discloses no error to the prejudice of the plaintiff in error and the judgment is affirmed.

Middleton, PJ, concurs. Blosser, J, not sitting.