### McCURDY v MARIETTA (city)

Ohio Appeals, 4th Dist, Washington Co

Decided September 29, 1931.

Mr. Harry S. Dyar, Marietta, for plaintiff in error.

Mr. T. Blake Summer, City Solicitor, Marietta, for defendant in error.

MAUCK, PJ.

It will be observed that this proceeding in error is prosecuted directly from the police court of the city of Marietta. By the Constitution our jurisdiction is limited to a review of judgments rendered in courts of record. The parties hereto have agreed that the police court of the city of Marietta is a court of record, and in the face of that agreement we do not find it incumbent upon us to ascertain the precise legal status of the police court. In **State v Allen, 117 Oh St 470,** the Supreme Court overruled **Heininger v Davis, 96 Oh St 205,** thus holding that error could not be prosecuted directly from the court of a justice or mayor of a city to the court of appeals. That opinion deals at length with the character of the jurisdiction of a justice of the peace, pointing out many features of that jurisdiction that are not consistent with the juridiction of a court of record. If, in the act creating a police court of the city of Marietta, **113 O L 764,** the legislature had not undertaken to describe that court as a court of record we should have no hesitancy in saying that such court is not a court of record for the reason that it possesses only such jurisdiction as that of mayors and justices of the peace. Whether for the purpose of affecting the constitutional jurisdiction of this court it is competent for the legislature to describe as a

court of record a court which but for such description would not be a court of record is an interesting and important question which in this case we shall not undertake to decide.

It is argued that the judgment in this case should be reversed as opposed to the weight of the testimony. While the testimony is conflicting there is an abundance of testimony supporting the conclusion reached by the trial court, and we have no disposition to disturb the judgment upon that ground.

A further claim is that the accused was upon his trial denied his right to offer evidence of his good character. In **Booker v State, 33 Oh Ap 338,** this court has set out authorities supporting the view that one accused of crime has the right to support his case by evidence of good character. As reflecting upon his character he is allowed to show his general reputation. This character and reputation, however, must be confined to the particular trait involved in the charge. In our opinion the trait involved in a charge of driving an automobile while intoxicated is the trait of recklessness, and the desirable character to be shown is that of prudence and consideration. Incidentally it involves sobriety, and in the immediate case as the driving was admitted and only the intoxication denied the accused might well have shown his general reputation for sobriety.

On page 24 of the record a witness was asked this question: "Have you the means of knowing his general reputation for being a drinking man?" An objection was sustained to this question. This was erroneous. It was not, however, prejudicial and affords no ground for reversal. The rule is that one complaining of the exclusion of testimony offered in chief must state what he proposes to prove in order to lay the ground for a complaint of such exclusion. There is nothing in this record indicating what the witness then on the stand might have sworn to and the objection is consequently unavailing.

Later another witness was called by the defendant and the question was propounded to him as to whether or not he had the means of knowing the general reputation of the accused for truth and veracity. An objection was sustained to this question. The trial court was quite right in sustaining the objection. This proposition is likewise disposed of in **Booker v State, supra.**

No prejudicial error apears in the record and the judgment is affirmed.

MIDDLETON and BLOSSER, JJ, concur.