## STATE v MARSHALL

Ohio Appeals, 2nd Dist, Franklin Co.

No. 3024. Decided Feb. 2, 1940.

Charles R. Petree, Asst. City Attorney, Columbus, for plaintiff-appellee.

Horace S. Kerr, Columbus, Walton G. Alcorn, Columbus, and John K. Sawyers, Jr., Columbus, for defendant-appellant.

## OPINION

BY THE COURT:

This is an appeal from a judgment of the Common Pleas Court affirming the conviction of appellant in the Municipal Court of the City of Columbus

of the offense of driving an automobile upon U. S. Route 40 in Franklin County, Ohio, while in an intoxicated condition or under the influence of alcohol.

There are four errors assigned.

At the outset we are met with a jurisdictional question which is determinative of the appeal. The transcript of docket and journal entries discloses that the judgment entry in the Common Pleas Court is dated February 6, 1939. The notice of appeal from the judgment is dated February 4, 1939. Thus the notice of appeal is dated two days before the final judgment was entered to which the appeal is directed. It is obvious that there has been no proper notice of appeal to any judgment and that this court is without jurisdiction to entertain the appeal. Anything that we might say respecting the merits of the errors assigned would be without authority or legal effect inasmuch as we lack the jurisdiction to entertain the case.

We release this opinion so that counsel may have the benefit of the basis therefor and if the record is incorrect it should be corrected. If, inadvertently, the date on the notice is not in accord with the actual time that it was filed, this matter should be brought to the attention of the proper authority and correction made, if permissible. If any correction is to be made it may be suggested on application for rehearing. If not, the appeal will be dismissed.

HORNBECK, PJ., GEIGER & BARNES, JJ., concur.

## ON APPLICATION FOR REHEARING

No. 3024.    Decided March 20, 1940.

By HORNBECK, PJ.

Submitted on application for rehearing. The date of the judgment has now been corrected by a nunc pro tunc entry, so that the notice of appeal is regular. The rehearing will be granted and we will consider the appeal on its merits.

Defendant was charged with, tried and convicted of the offense of operating a motor vehicle while in a state of intoxication or under the influence of alcohol. At the inception of the trial defendant moved the court to require the state to elect upon which of the two offenses charged in the affidavit it would rely. The court overruled the motion and exception was noted. In defendant's case in chief he placed two witnesses on the stand, George Doyle and William H. Myers, and after preliminary qualifying questions inquired of each of them respecting the general reputation of the defendant in the community for being peaceable, quiet and a law abiding citizen. The court over objection refused to admit the testimony, holding that the defense was limited to proof of the reputation of the accused for sobriety and prudence. Proffer was made to the effect that if the witnesses had been permitted to answer they would have replied that the reputation of the defendant was good. After the refusal of the court to accept this testimony, counsel for the state cross-examined both of the character witnesses touching their knowledge of defendant's habits as to the use of intoxicating liquor. Mr. Doyle testified that defendant drank whiskey, beer, and other things of that sort but not any oftener than the average man. Mr. Myers said that he had seen defendant drink on social occasions but never observed him under the influence of alcohol.

The trial judge upon the request of the defendant gave the following special charge to the jury before argument,

"I charge you that the degree of intoxication contemplated by the statute providing a penalty therefor is not established by proof of a flushed face nor the smell of liquor on the breath nor by any disposition to talk freely or loudly but refers rather to a condition in which the control has been lost either in the faculties or the muscles of locomotion."

The court refused to give the following special instruction,

"I charge you that the words, 'intoxicated' and 'drunk' are synonymous under the law of Ohio and are interchangeable in their interpretation."

The court in its general charge said to the jury,

"A state of intoxication contemplated by the statute refers to a condition in which control has been lost to some extent, either of the faculties or the muscles of locomotion. * * * The expression, 'under the influence of alcohol' means exactly what it says, and that is that some alcohol must have been drunk by the person, the amount being immaterial but the effect of which caused some influence on this person. Neither the statute nor the court can lay down a rule fixing the exact quantity of an alcoholic beverage which a person can drink before he is declared to be intoxicated or under the influence of alcohol. The material part of the defense is not that liquor was drunk but that the effect of it produced some influence on him. The operative words of the statute are, 'under the influence'; it is therefore not important whether a person drank a large or small amount, if it produced the influence and affected his actions."

Motion for a new trial was duly filed, overruled and sentence pronounced.

An appeal was prosecuted to the Common Pleas Court where the judgment of the Municipal Court was affirmed. From this judgment the appeal on questions of law is prosecuted.

There are numerous errors assigned. We confine our consideration to those set forth in the brief of appellant. They are that the court erred in refusing to sustain the motion of defendant to elect; that the verdict and judgment are contrary to and against the manifest weight of the evidence; that the court erred in refusing to admit testimony of the good reputation of defendant for peace and quiet and as a law abiding citizen and erred in permitting the state to cross examine witnesses for the defense as to special traits of character.

The statute in terms seems to define two offenses. One, operating a motor vehicle while in the state of intoxication, another, operating a motor vehicle while under the influence of intoxicating liquor. The affidavit charges one or the other offense. The court charged what was contemplated in being in a state of intoxication and being under the influence of liquor. It is improper to charge that a defendant is guilty of one offense or another. Obviously an affidavit or an indictment should be specific and set forth the offense with which the defendant is charged. **Gilliam v State, 7 O. N. P., (N.S.) 482, 12 O. Jur. 499.** In this case, if the state of the record was such that the defendant could have been found guilty of being under the influence of liquor as distinguished from being in a state of intoxication, we would not hesitate to hold that it was prejudicial error for the trial judge to refuse to require the state to elect upon which offense it would proceed to trial.

There are two reasons why the failure to elect was not prejudicial to the defendant. (1) There is no material legal distinction between a state of intoxication and a state where a defendant is under the influence of intoxicating liquor. There may be some medical distinction but it is too nice to be applied to the offense set out in the statute. Webster defines intoxication as "state of being intoxicated or drunk" and "intoxicated" as under the influence of intoxicating liquor or drug. Bouvier's Law Dictionary refers to intoxication and drunkenness synonymously and defines drunkenness as the condition of a man whose mind is affected by the immediate use of intoxicating drinks.

(2) Under the evidence in this particular case the defendant either was intoxicated or he was sober. There can be no middle ground wherein it might be said that he was under the influence of liquor but not intoxicated. Two witnesses said that the defendant was intoxicated and defined his appearance,

condition, manner of speech in a way that unmistakably demonstrated that he was drunk. On the other hand, another group testified to facts which, if true, conclusively proved that the defendant was sober and was not under the influence of liquor in the slightest degree. There is no evidence in this record upon which nice distinctions could be made. It is one thing or the other: Either the defendant was drunk or he was sober. So that, although, the affidavit was improper in form and upon a technical interpretation of the law the defendant had a right to require the state to elect, there was no prejudicial error in the action of the court in overruling his motion to require the plaintiff to elect.

Upon the question of the weight of the evidence, as we have heretofore stated, we have two groups of witnesses testifying to contradictory facts—on behalf of the state, Frank J. Crume, a State Highway Patrolman, and Joseph Rapp, a police officer in the City of Columbus, serving as a guard in the city jail.

Crume testified that he was patroling U. S. Highway No. 40 on the afternoon of May 25, 1937; that he had served in the capacity of Highway Patrolman for 3½ years; that he was driving west when a car passed him moving the same direction astride the center line of the highway and at a speed of from 70 to 80 miles per hour; that the passing car was swerving a little bit; that the cars on the highway moving in both directions would, upon the sounding of defendant's horn, make way for him to go through; that the officer did not overtake defendant until he had covered approximately a distance of 3¼ miles and that the officer with his siren open had followed the defendant for approximately a mile and that for a distance of a mile and a half the defendant had his arm out of the window indicating a purpose to slow down and to turn to the left; that eventually the officer had to pull out in front of the defendant to stop him; that he had to take the defendant from his car; that he saw him walk a distance of 25 to 35 feet after he alighted from his car and that at that time he was staggering a little bit; that he talked freely and with a thick tongue; that he admitted that he was too much under the influence of liquor and that he ought not to be driving on the road in that condition; that the witness had to pull the defendant off the road once to keep him from being struck when a car came by; that when they reached the police station the officer had to help the defendant out of the car and up the steps of the police station; that he was very much under the influence of liquor and in a state of intoxication and that he used these terms synonymously.

Inspector Rapp, who had for 35 years been a police officer in the city of Columbus, and was at the time that defendant was brought into the jail a guard at that institution, stated that he observed from 15 to 50 drunks a day, that defendant was under the influence of alcohol.

As against this testimony the defense offered the defendant and a number of other witnesses, members and officers of the Newark Skeet Club, William McLeroy, a deputy sheriff of Licking County and John W. Hayes, who lived at 4800 East Main Street. and in the vicinity where the defendant stopped his automobile and was placed under arrest. Hayes gave full description of the occurrence prior to and at the time of defendant's arrest, said that defendant was sober, so conducted himself, talked coherently, eventually left the car with him to look after and also turned a valuable camera over to him for safe keeping. McLeroy, deputy sheriff of Licking County, testified that he saw the defendant at the Buckeye Yacht Club where he was shooting in a Skeet tournament; that he shot in two groups at the same time as the defendant; that the defendant was very skillful in shooting and it appeared elsewhere that he had won a prize in the afternoon for his excellence in shooting the clay pigeons; that the witness observed the defendant closely, could detect no liquor on his breath and no impairment of his faculties or of his

movements and observed no thickness of speech; that the defendant was sober. Other witnesses for the defendant covered his movements for considerable time before he left the Buckeye Yacht Club and up to within a few minutes of the time when he was arrested and all were definitely of the opinion that the defendant was not intoxicated. The defendant took the stand and denied that he was under the influence of liquor in any degree.

The testimony was so conflicting and the quality thereof on behalf of the defendant appeared to be of ▮▮▮▮▮▮▮ such high order that upon a reading of the record this court, if sitting as a jury, would say that it was in some doubt as to the guilt of the defendant. But this in nowise changes the rule of law which is clearly applicable to the factual situation presented and controlling upon a reviewing court. Similar situations have developed times without number. It is a basic principle of our trial procedure that the jury is the sole determiner of the facts and the credibility of the witnesses. This case involves the credibility of the witnesses in the light of all the circumstances. Where the truth was to be found was in this case peculiarly for the jury. It is not necessary to cite cases to that effect to counsel of the experience of those appearing for the parties in this case. We could not disturb this verdict and judgment upon the claim that it is not supported by the evidence.

The next assignment of error is directed to the refusal of the trial court to admit the proffered testimony of two witnesses to the effect that the defendant had a good general reputation in his community for being a peaceable, quiet and law abiding citizen. The trial judge had authority for ▮▮▮▮▮▮ the refusal to admit the testimony in the case of **McCurdy v Marietta, 11 Abs 578,** wherein it is announced:

"While evidence as to good character and reputation is admissible in the trial of a case involving the operation of a motor vehicle while in a state of intoxication, yet such evidence must be limited to the trait of character involved in the particular crime charged, so in this class of cases it must be limited to the reputation of the accused for sobriety and prudence."

This is the only case in Ohio which is directed to the specific question raised in the instant case, namely, what traits of general reputation are properly in issue in a prosecution for operating a motor vehicle while intoxicated. However, the rule is well recognized that in the trial of a criminal cause the defendant may show his general reputation respecting the traits which are involved in the offense alleged to have been committed. **Griffin v State, 14 Oh St 55; Sabo v State, 119 Oh St 231.** This case is a fine illustration of the reasonableness and propriety of such a rule. Here the one trait of character in which the jury was interested under the evidence was that involving the sobriety of the defendant. His general reputation for sobriety would have been valuable and might have turned the verdict in his favor. Had the question related only to the general reputation of defendant as a law abiding citizen it would in probability have been proper. **Booker v State, 33 Oh Ap 338.**

We are satisfied that the trial judge followed the correct rule in refusing to accept the proffered testimony of the defense relating to his good reputation for peace and quiet.

The cross-examination of the two defense character witnesses was not prejudicial if it could be said ▮▮▮▮▮▮▮ to be improper. There was nothing in the testimony of either of these witnesses which indicates that the defendant's reputation for sobriety was bad. Defendant offered no objection to the testimony, but noted a general exception. This does not bring upon the record the question of error in the action of the court.

We have considered all errors assigned and are satisfied that upon all

that appears in the record the defendant had a fair trial. The judgment of the Common Pleas Court affirming the sentence and judgment of the Municipal Court will be affirmed.

GEIGER & BARNES, JJ., concur.