Zimmerman, J.
 

 Is the defendant entitled to a new trial upon the facts as outlined?
 

 Under our system of jurisprudence every person is accorded the presumption of good character. Consequently, a general rule, almost universally recognized by the courts of this country, is that the character of an accused cannot be injected into a criminal case by the prosecution, unless the accused first introduces evidence of good character. 12 Ohio Jurisprudence, 325, Section 316; 20 American Jurisprudence, 304, Section 325; 22 Corpus Juris Secundum,. 1069, Section 676. Hence, counsel for the prosecution in argument to the jury may not comment on the failure of the accused to produce evidence of his good character, and to do so is improper and erroneous. 80 A. L. R., 227, annotation;
 
 Duke
 
 v.
 
 State
 
 (Fla.), 185 So., 422, 427;
 
 State
 
 v.
 
 Pinkston,
 
 336 Mo., 614, 79 S. W. (2d), 1046;
 
 State
 
 v.
 
 Navone,
 
 186 Wash., 532, 58 P. (2d), 1208.
 

 
 *109
 
 There is a division of authority on the question of whether prejudice resulting to the accused from comment by the prosecution on the failure to call character witnesses is sufficiently counteracted by an instruction to the jury to disregard such comment, so as to avoid a reversal. 80 A. L. R., 233, annotation. In at least two cases it has been flatly held that it
 
 is
 
 reversible error on the part of the prosecution to comment to the jury on the fact that the accused has called no witnesses to testify as to his character, and that such error is not cured by a subsequent instruction to ignore such comment.
 
 People
 
 v.
 
 Evans, 72
 
 Mich., 367, 40 N. W., 473;
 
 State
 
 v.
 
 Blodgett,
 
 50 Ore., 329, 92 P., 820.
 

 ■ The prosecutor is a public officer, acting as a representative of the people, and in argument to the jury he should be careful to observe the rules and proprieties of argument. Certainly, it is the better and safer course.
 

 In the present case the comment of the assistant prosecutor as to the absence of character witnesses for the defendant was unjustified and should not have been made. It was of a damaging nature, reasonably calculated to cause injury. Timely objection being interposed by counsel for the defendant, the court should have told the jurors at once to obliterate the statement from their minds and should have admonished the offender. If this had been done, the gravity of the breach would have been minimized and a reviewing court might well be reluctant to interfere.
 

 Instead, the trial court did not rule directly on the objection or reprove the assistant prosecutor in the presence of the jury, but proceeded No overrule the motion to withdraw a juror and continue the cause, and directed the state to resume argument. While on the next morning the improper remarks were withdrawn, they were also emphasized by repetition. The implanted virus had remained with the jury over night,
 
 *110
 
 and the corrective measures employed by the prosecuting attorney and the court were too long delayed.
 

 Under the circumstances recounted it is our opinion that such prejudice is apparent as to constitute a denial to the defendant of his right to a fair and impartial trial. He is therefore entitled to a new trial.
 

 Because of the conclusion announced, it becomes unnecessary to discuss other errors alleged by the defendant. They have been considered and are deemed not to have been of such a serious character as to call for a reversal.
 

 For the reasons given, the judgment of the Court of Appeals is reversed and the cause remanded to the trial court for further proceedings.
 

 Judgment reversed,.
 

 Turner, Williams, Matthias, Hart and Bettman, JJ., concur.