*560
 
 Weygandt, C. J.
 

 The Court of Appeals based its first finding of error upon the provisions of Section 1639-30, General Code, which read in part as follows:
 

 “The disposition of a child or any evidence given in the court shall not be admissible as evidence against the child in any case or proceeding in any other court, nor shall such disposition or evidence operate to disqualify a child in any future civil service examination, appointment or application.”
 

 For some reason not disclosed by the record the trial court permitted the defendant upon his own insistence and over the prosecuting attorney’s objection to testify as to where and how he had spent the previous years of his life. In his narration of the schools he had attended and the places he had been employed, the defendant neglected to mention his incarceration at the Boys’ Industrial School. Then upon cross-examination the prosecuting attorney was permitted to inquire as to this part of the defendant’s history. This, the Court of Appeals held, was in violation of the foregoing provisions of Section 1639-30, General Code, and therefore erroneous.
 

 That this is a salutary statute properly designed to afford some measure of protection from the indiscretions of youth is beyond cavil. However, it is a vastly different matter to permit an interpretation that would enable a defendant to employ the statute for the purpose of deception and to accomplish a miscarriage of justice. After all, a trial before a judicial tribunal is primarily a truth-determining process, and if it in any sense loses its character as such, it becomes the. veriest sort of a mockery. It must be remembered that it was this defendant himself who not only offered to tell but insisted upon narrating the story of his previous years. To place himself in a favorable light before the court and jury it was necessary for him to tell but part of his history and conceal the remainder. This
 
 *561
 
 he did. When this challenge confronted the court and the prosecuting attorney, did this statute render them impotent in their duty to reveal the truth? The participating members of this court are unanimously of the opinion that it did not. The cross-examination was proper.
 

 The defendant relies upon the decision of this court in the case of
 
 Malone
 
 v.
 
 State,
 
 130 Ohio St., 443, 200 N. E., 473. However, a study of the facts therein discloses circumstances at variance with those in the instant case. There the defendant himself offered no such evidence; the state presented it. Here it was offered by the defendant over the state’s objection. In that ease the defendant was therefore entitled to the protection of the statute.
 

 The second claim of error involves the charge of the trial court to the jury with reference to the element of purpose. Section 12619, General Code, reads in part as follows:
 

 “Whoever steals any motor vehicle, or whoever purposely takes, drives or operates any motor vehicle without the consent of the owner thereof
 
 * *
 

 In his charge the court used the word “purposely” on three occasions. First, he read the foregoing language of the statute. Next, he read the indictment which contains the same language and which was before the jury during their deliberations. Finally, he further said:
 

 “You will notice the statute provides that whoever purposely takes, drives of operates any motor vehicle without the consent of the owner shall be guilty of the. offense charged in the statute.”
 

 However, the difficulty arises from the omission of the word “purposely” from two other statements made by the trial court when discussing the offense with which the defendant was charged. Of course this was unfortunate and technically erroneous. But was
 
 *562
 
 it prejudicial under the circumstances? Three of the six participating members of the court are of the opinion that it was not — especially in view of the fact that the error was one of mere omission-rather than of commission, and in view of the further fact that at the conclusion of the charge the defendant’s counsel in response to the court’s inquiry stated that he had nothing additional to request. The same three members of the court are of the opinion that substantial justice was accomplished by the verdict of the jury. The other three members of the court are of the opinion that the jury was misled by the court’s omission and that the judgment of the Court of Appeals must be affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Turner, Williams, Matthias, Hart and Zimmerman, JJ., concur in the syllabus.
 

 Williams, Matthias and Hart, JJ., concur in the judgment.
 

 Weygandt, C. J., Turner and Zimmerman, JJ., dissent from the judgment.
 

 Bettman, J., not participating.