**STATE, Plaintiff-Appellee, v. NEWTON, Defendant-Appellant.**

Ohio Appeals, Second District, Montgomery County.

No. 2127.   Decided December 22, 1950.

Matthews & Altick, Dayton, Francis S. McDaniel, of Counsel, for plaintiff-appellee.
Harold E. Smock, Dayton, for defendant-appellant.

### OPINION

By HORNBECK, J:

This is an appeal on questions of law from a judgment of the Common Pleas Court, affirming a judgment of the Municipal Court of the City of Oakwood, Ohio, sentencing defendant-appellant on a conviction of the charge of driving an automobile while under the influence of alcohol.   The cause was tried to the Municipal Judge without the intervention of a jury.

The affidavit charged the defendant with "unlawfully operating a motor vehicle over and upon Route 48 by driving said vehicle while under the influence of alcohol, narcotic or opiates, contrary to and in violation of §6296-30 GC."   The affidavit also contains the statement "This is the second offense within one year" which it appears was interlined in the affidavit after it was originally verified and without fur-

ther verification. This addendum apparently was given no consideration in the trial or the judgment.

Seven grounds of error are assigned.

1. That the Common Pleas Court erred by not giving appellant and appellant's counsel his day in court when the appeal to that court came on for consideration.

2. That the judgment in the Municipal Court is contrary to and against the manifest weight of the evidence.

3 and 4. The judgment entry of the Common Pleas Court is null and void and the judgment of the trial court is contrary to law.

5. Insufficiency of the affidavit because of the new matter added which was not verified.

6. Error of the Court in refusing to dismiss the State's cause upon defendant's motions.

7. Because of all other errors, mistakes, irregularities and defects appearing on the record prejudicial to the rights of the defendant-appellant.

The brief of the appellant is directed extendedly to the failure of the Common Pleas Court to notify defendant, or his counsel, of the hearing in that court on the appeal and the consequent denial of the defendant of the right to appear by counsel and to be heard. It is urged that defendant's constitutional rights were violated and that the rules of the court were disregarded. As to this assignment we are required to say that it cannot be properly considered on this appeal because of the fact that there is no showing that the Presiding Judge of the Common Pleas Court to which the application for hearing on the appeal was presented acted upon the application, one way or the other, prior to the notice of the appeal. The application was filed on the 27th of July and the notice of appeal on the 12th of August. Without some showing that the court denied the application or refused to act upon it, we are not in a situation to determine whether or not error intervened to the prejudice of the appellant.

The rest of appellant's brief is devoted to the weight of the evidence which we do not discuss because of the determination of this appeal on another ground of error assigned. To discuss the testimony at length and comment upon its probative effect might be prejudicial to the parties.

No other error assigned, except that which we hereinafter immediately consider, is well made. The error assigned which arrests our attention is No. 7, directed to all other errors appearing on the face of the record. Ordinarily such an assignment is a catch-all which deserves and requires little consideration. However, because of a development in this cause it becomes vital to this appeal.

The decision of the trial judge which appears in the bill of exceptions followed immediately the conclusion of the trial. Early in the decision this language is employed:

"The Court is well aware of the fact that the burden of proof is on the State of Ohio to establish the guilt of this defendant by a preponderance; by that the Court means by the greater weight of the testimony."

The Court later states that the testimony of the State's witnesses as the more acceptable and that the State has made its burden of proof. Manifestly, the trial judge in applying the rule which he announced erred to the prejudice of the defendant. The rule which he stated applies to civil cases only wherein the Court is dealing with probabilities. In a civil case if the evidence preponderates even in the slightest degree the party who has the burden has met his obligation. On the other hand, in criminal cases the degree of proof to sustain a conviction is always beyond a reasonable doubt. So firmly fixed is this in our jurisprudence that we have a section of the Code, §13442-3 GC, defining the presumption of innocence with which a defendant in a criminal case is at all times clothed and a definition of reasonable doubt with the further requirement that the rule as to presumption and the definition of reasonable doubt shall be read to the jury in the trial of every criminal case. **Sec. 13442-5 GC** puts upon the trial judge when acting as a jury the obligation to try and determine such cause in accordance with the rules and in like manner as if such cause were being tried before a jury.

A case which presented some facts similar to those appearing in the instant cause which was reviewed by this Court will be found under the title of **State v. Marshall, 31 Abs 382.**

It is unfortunate that this inadvertence as to the burden of proof occurred because the record discloses that the trial was well handled. The rulings as to the admission and rejection of evidence were sound. However, there can be no doubt as to the error on the part of the court in adopting the wrong rule as to the burden of proof and that it was prejudicial to the defendant is apparent.

Inasmuch as the case may be tried again we make some observations concerning procedure. The affidavit charges that the defendant was under the influence of alcohol, narcotic or opiates. The evidence related to alcohol only. The defendant went to trial without any objection to the affidavit and only interposed objection after trial. The State upon a motion to elect before trial had should elect which charge it will proceed upon. If no such motion is made, in the interest of clarity, if the defendant is found guilty, specifica-

tion should be made as to the charge of which he is adjudged to be guilty.

The judgment of the Common Pleas Court will be reversed and the cause remanded to the Municipal Court for a new trial.

MILLER, PJ, and WISEMAN, J, concur.