[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
{¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
{¶ 2} Defendant-appellant Anthony Bines appeals, under the number C-020169, the trial court's judgment convicting him, following a jury trial, of trafficking in cocaine in violation of R.C. 2925.03(A) and possession of cocaine in violation of R.C. 2925.11(A). Additionally, under the number C-020170, Bines appeals his conviction for trafficking in marijuana in violation of R.C. 2925.03(A). He was convicted of that offense following the entry of a guilty plea. For purposes of this judgment entry, we have consolidated the appeals.
{¶ 3} With respect to the convictions for trafficking in, and possession of, cocaine, Bines brings forth two assignments of error. In his first assignment of error, Bines asserts that his convictions were improper because they were based upon "the admission of inappropriate evidence of his conviction of prior crimes." Under this assignment of error, Bines brings forth two issues. First, he maintains that he was prejudiced when the trial court improperly admitted, in violation of Evid.R. 609(D), evidence of crimes he had committed while a juvenile, and, second, he contends that he was provided ineffective assistance of counsel at his trial.
{¶ 4} With respect to the first issue, we note that Bines did not object to the admission of the evidence of his juvenile adjudications. Consequently, we review this issue under the "plain error" standard.[1]
Evid.R. 609(D) provides that "evidence of juvenile adjudications is not admissible except as provided by statute." The governing statute, R.C.2151.358(H), provides in part that "[e]vidence of a judgment rendered * * * is not admissible to impeach the credibility of the child in any action or proceeding. Otherwise, the disposition of a child under the judgment rendered or any evidence given in court is admissible as evidence for or against the child in any action or proceeding in any court in accordance with the Rules of Evidence." Considering Evid.R. 609(D) and R.C.2151.358(H), this court has held that it is permissible to present evidence of juvenile adjudications on cross-examination when the defendant has testified to the "good quality of his juvenile years."[2]
{¶ 5} Here, Bines testified to the fairly "good quality of his juvenile years." On direct examination, he insisted that his complete juvenile record consisted of "a marijuana charge when he was a juvenile * * * [and, perhaps] a few little minor things that [he] c[ould] not recall offhand." On cross-examination, the state questioned Bines regarding his numerous juvenile adjudications, including other drug offenses. Because the state was attempting to rebut Bines's testimony of the good quality of his juvenile years, it was proper for it to cross-examine Bines on the extent of his juvenile record. Accordingly, the trial court did not err in admitting that testimony.
{¶ 6} With respect to the ineffective-assistance-of-counsel issue, Bines maintains that his trial counsel should never have "opened the door" to his juvenile history. For this court to reverse Bines's convictions on the basis of ineffective assistance of counsel, he must show that his trial counsel's performance was deficient, and that the deficient performance prejudiced the defense so as to deprive Bines of a fair trial.[3] Because attorneys are presumed competent, reviewing courts must refrain from second-guessing strategic and tactical decisions that are generally considered to fall within the wide range of reasonable legal assistance.[4] Finally, when determining whether deficient performance prejudiced a defendant, the reviewing court looks at the totality of the evidence and decides if there exists a reasonable probability that, were it not for the errors made, the outcome of the trial would have been different.[5]
{¶ 7} On direct examination, defense counsel asked Bines about his juvenile record. During this exchange, defense counsel pointed out that Bines was adjudicated delinquent because he was buying drugs, not because he was selling drugs. At trial, the state's theory was that Bines was a supplier of drugs and, was thus selling drugs. From defense counsel's line of questioning on direct examination, it appears that counsel may have asked Bines about his juvenile record so it could be demonstrated that Bines was not a "seller" or "supplier" of drugs, but merely a buyer. Further, in closing argument defense counsel stated that he had asked Bines questions about his juvenile record because "[Bines had] nothing to hide." While this approach may not have been the best strategy, we refrain from second-guessing counsel's decision. Nevertheless, even if we were to presume that defense counsel's actions here were deficient, we would be unable to say that Bines was prejudiced by those actions in light of the evidence against him, including his own confession. The first assignment of error is overruled.
{¶ 8} In his second assignment of error, Bines maintains that the trial court erred in failing to suppress oral statements that he had made to police officers after he was arrested. We disagree.
{¶ 9} When considering a ruling on a motion to suppress evidence, we are bound to accept the trial court's factual findings if they are supported by substantial and credible evidence, but we review the trial court's legal conclusions de novo to decide whether the appropriate constitutional requirements have been met.[6]
{¶ 10} The Fifth Amendment to the United States Constitution provides a privilege against compelled self-incrimination. Pursuant toMiranda v. Arizona,[7] when law enforcement officers begin a custodial interrogation, an individual must be advised of his constitutional rights, including the right to remain silent and the right to counsel.
{¶ 11} In this case, both at the suppression hearing and at trial, Bines testified that he was read the Miranda warnings prior to being interrogated by the police. While in police custody, Bines gave an oral statement confessing to the crimes. Bines further testified that when the police officers attempted to memorialize that statement on tape, the officers re-read the Miranda warnings, and, at that time, he asserted his right to retain counsel. Consequently, the interrogation was terminated.
{¶ 12} As Bines testified that he was read his Miranda warnings, that he made a statement to the police, and that he asked to speak with counsel before memorializing that statement on tape, it is apparent that Bines's constitutional rights were protected. Under these circumstances, there was no reason to suppress the oral statement made by Bines during his interrogation. The second assignment of error is overruled.
{¶ 13} We now turn to Bines's appeal of his conviction for trafficking in marijuana. After thoroughly reviewing the record and the applicable law, Bines's appointed appellate counsel, pursuant to Andersv. California,[8] has stated that he has found no errors in the proceeding where Bines had entered a guilty plea. As a result, this court is now charged, under Anders, with the task of independently reviewing the record for any prejudicial errors that would warrant the reversal of Bines's conviction.
{¶ 14} From the plea and sentencing transcripts, it is clear that Bines understood the import and consequences of his guilty plea, as required by Crim.R. 11(B) and Crim.R. 11(C)(2). Thus, after reviewing the entire record, we conclude that prejudicial error did not attend the proceedings below, and we hold that there are no grounds to support a meritorious appeal with respect to Bines's conviction of trafficking in marijuana.
{¶ 15} The judgments of the trial court are affirmed.
{¶ 16} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Hildebrandt and Winkler, JJ.
[1] See Crim.R. 52(B).
[2] State v. Gamble (July 27, 1988), 1st Dist. No. C-870654, citingState v. Marinski (1942), 139 Ohio St. 559, 41 N.E.2d 387 (when a defendant introduces evidence of his life history, he waives the protection afforded by the former version of the juvenile-adjudication statute and may be cross-examined regarding a juvenile charge).
[3] Strickland v. Washington (1984), 466 U.S. 668, 687,104 S.Ct. 2052.
[4] State v. Carter (1995), 72 Ohio St.3d 545, 558, 651 N.E.2d 965.
[5] Strickland, supra, at 695-696, 104 S.Ct. 2052.
[6] See State v. Williams (1993), 86 Ohio App.3d 37, 41, 619 N.E.2d 1141;State v. Yett (Mar. 12, 1999), 1st Dist. No. C-980435.
[7] (1966), 384 U.S. 436, 471-472, 86 S.Ct. 1602.
[8] (1967), 386 U.S. 738, 87 S.Ct. 1396.