18

THE STATE OF OHIO, APPELLEE, *v.* CRAVEN, APPELLANT.

[Cite as State v. Craven (1973), 35 Ohio St. 2d 18.]

(No. 72-837—Decided June 27, 1973.)

*Mr. Simon L. Leis, Jr.,* prosecuting attorney, *Mr. Leonard Kirschner* and *Mr. Clayton E. Shea,* for appellee.

*Mr. Peter F. Beasley* and *Mr. Ronald B. Finn,* for appellant.

*Per Curiam.* Two cases upon all fours with the facts of this case require its reversal.

In the first of these, *State* v. *Doll* (1970), 24 Ohio St. 2d 130, the inflammatory effect that results from the introduction of evidence tending to show the commission of another offense by the defendant was recognized as generally so prejudicial as to justify a reversal under the facts of that case. The prejudice here is much more obvious than the prejudice in *State* v. *Doll,* and its lack of probative value on any material issue before the court is even more apparent. Standing alone, this error would require retrial of the matter.

When considered in conjunction with the holding of the United States Supreme Court in *Marshall* v. *United States,** the fact that the jurors saw and read newspaper articles, thus becoming aware of other inflammatory evidence in this improper manner together with the combination of prejudicial improprieties, cannot be cured by judicially solicited assurances from the jurors to the effect that each was not influenced thereby.

Therefore, the judgment of the Court of Appeals is reversed and the cause is remanded to the Court of Common Pleas for a new trial.

*Judgment reversed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.

---

**Marshall* v. *United States* (1959), 360 U. S. 310, held:

"At a jury trial in a federal District Court in which petitioner was convicted of unlawfully dispensing certain drugs without a prescription from a licensed physician, in violation of 21 U. S. C. Section 331(k), the judge refused to permit the government to introduce evidence that petitioner had previously practiced medicine without a license; but some of the jurors saw and read newspaper articles alleging that he had a record of two previous felony convictions and reciting other defamatory matters about him. Upon being questioned, each of these jurors assured the judge that he would not be influenced by the news articles and that he could decide the case only on the evidence of record. *Held*: The harm to petitioner that resulted when prejudicial information denied admission into evidence was brought before jurors through newspapers requires that a new trial be granted."