THE STATE OF OHIO, APPELLEE, *v.* COX, APPELLANT.

[Cite as State v. Cox (1975), 42 Ohio St. 2d 200.]

(No. 74-550—Decided April 30, 1975.)

*Mr. John F. Holcomb,* prosecuting attorney, for appellee.

*Messrs. Holbrock, Jonson, Bressler & Houser, Mr. H. J. Bressler* and *Mr. Timothy R. Evans,* for appellant.

HERBERT, J. Appellant raises numerous errors claimed to have occurred during the course of his trial, and first contends that the trial court erred in refusing to allow a witness to testify, even though the witness had remained in the courtroom after a separation of witnesses was ordered. In question here is the testimony of one Tom Feltner, whose proffered statements in the record illustrate their importance to appellant's case.[1]

[1]A significant aspect of appellant's defense was the issue of what clothes Kathy Clifford was wearing on the day of the murder. Her testimony was that she had not changed her blouse at any time after the murder. However, Tom Feltner's testimony would have been to the effect that she had a different blouse on when she left for the drive to the school than the one she was wearing when she was questioned by police after the homicide. Thus, his testimony bore directly upon the defense's position that she had changed her clothes subsequent to the incident and had lied in her testimony on this point. The excluded

In *Holder* v. *United States* (1893), 150 U. S. 91, 92, the United States Supreme Court stated:

"* * * If a witness disobeys the order of withdrawal, while he may be proceeded against for contempt and his testimony is open to comment to the jury by reason of his conduct, he is not thereby disqualified, and the weight of authority is that he cannot be excluded on that ground merely, although the right to exclude under particular circumstances may be supported as within the sound discretion of the trial court. * * *"

In speculating upon what these "particular circumstances" are, the Court of Appeals in *United States* v. *Schaefer* (1962), 299 F. 2d 625, interpreted the phrase to mean when "the witness was in court with 'the consent, connivance, procurement or knowledge' " of the party or his counsel. See *Degg* v. *State* (1907), 150 Ala. 3, 43 So. 484; *Harris* v. *State* (1926), 171 Ark. 658, 285 S. W. 367; *State* v. *Williams* (1959), 29 N. J. 27, 148 A. 2d 22; *Frost* v. *Commonwealth* (1935), 258 Ky. 709, 81 S. W. 2d 583; *Encinas* v. *State* (1923), 26 Ariz. 24, 221 P. 232; and *Loose* v. *State* (1903), 120 Wis. 115, 97 N. W. 526, wherein such testimony is permitted after violation of the order unless the party is at fault.

This court has adhered to the above rule since *Dickson* v. *State* (1883), 39 Ohio St. 73. Paragraph one of the syllabus in *Dickson* emphasizes that, absent procurement or connivance by the party calling the witness, a court has no discretion to prevent the examination. Under such circumstances, the disobedience of an order for a separation of witnesses should not be rectified by denying possible relevant testimony, but by use of the court's power to punish for contempt.

In the case at bar, there is no contention that Tom Feltner's presence in the courtroom was due to the fault of appellant or his counsel. Therefore, and because the

---

testimony also offered a plausible explanation of why her clothes were not blood-splattered if, as maintained by the defense, she had committed the brutal killing.

testimony sought to be introduced was important to the defense, its exclusion constituted prejudicial error.[2]

Appellant next asserts that the trial court erred in refusing to allow the testimony of a defense witness on the grounds that the juvenile record of Kathy Clifford would have been thereby divulged. This concerns the testimony of Wilma Cress, a Juvenile Court case worker, who had communications with Kathy Clifford prior to the murder. The defense proffered the testimony to rebut certain statements of Kathy Clifford and to show a deteriorating relationship between Kathy and her mother.[3]

R. C. 2151.358, regarding Juvenile Court proceedings, provides, in pertinent part:

"* * * The disposition of a child under judgment rendered or any evidence given in the court is not admissible as evidence against the child in any other case or proceeding in any other court, except that the judgment rendered and the disposition of such child may be considered by any court only as to the matter of sentence or to the granting of probation. * * *"

In *State* v. *Marinski* (1942), 139 Ohio St. 559, 41 N. E. 2d 387, this court stated in the syllabus: "When a defendant in a criminal case is permitted to introduce evidence of his life history, he waives the protection of Section 1639-30, General Code, and may be cross-examined with reference to the disposition of any charge preferred against him as a juvenile." It is evident from this construction of the pre-

---

[2]Appellee claims the proffered testimony was not admissible because of the general rule against contradicting witnesses about inconsistent statements concerning collateral matters. See *Clinton* v. *State* (1877), 33 Ohio St. 27; *Byomin* v. *Alvis* (1959), 169 Ohio St. 395, 159 N. E. 2d 897; 3 Wigmore on Evidence (3 Ed.), 958 *et seq.*, Sections 1001, 1002, and 1003. However, the law enunciated by those authorities is inapplicable to the instant case because Tom Feltner's proffered testimony did not pertain to collateral or immaterial matters.

[3]It would have been Wilma Cress' testimony that Kathy Clifford spoke of striking her mother prior to the murder. This was contradictory to the girl's testimony, and woud have evidenced ill feelings between the two before the murder.

decessor of R. C. 2151.358, that the relevant provisions of the statute do not absolutely preclude the disclosure of a juvenile record under all circumstances. See *State* v. *Hale* (1969), 21 Ohio App. 2d 207, 256 N. E. 2d 239.

In *Davis* v. *Alaska* (1974), 415 U. S. 308, the United States Supreme Court was faced with a similar question. At issue there was whether an Alaska statute, analogous in effect to R. C. 2151.358, could prohibit cross-examination of a prosecution witness concerning his possible bias, where his prior adjudication as a juvenile delinquent would have been established. In balancing the competing interests involved, the court, at page 320, stated: "[T]he state's policy interest in protecting the confidentiality of a juvenile offender's record cannot require yielding of so vital a constitutional right as the effective cross-examination for bias of an adverse witness." In finding the right of confrontation paramount to state policy, the *Davis* court concluded that "* * * the state's desire that Green fulfill his public duty to testify free from embarrassment and with his reputation unblemished must fall before the right of petitioner to seek out the truth in the process of defending himself."

Although the General Assembly may enact legislation to effectuate its policy of protecting the confidentiality of juvenile records, such enactment may not impinge upon the right of a defendant in a criminal case to present all available, relevant and probative evidence which is pertinent to a specific and material aspect of his defense. The record at bar does not reflect an effort to conduct a fishing expedition into the witness' juvenile background, nor an attempt to impeach her by a general showing of prior Juvenile Court appearances as the result of misconduct.

In the instant case, the refusal to allow the testimony of Wilma Cress prevented the jury from hearing testimony which directly questioned the credibility of Kathy Clifford upon a specific point in contention, and was important to appellant's defense against a most serious charge. The exclusion of the testimony was prejudicial error,

Appellant also contends that the trial court erred by refusing to allow his appointed counsel to be assisted by another attorney during the course of the trial. Although raising no objection as to the competency of the two attorneys who did represent him, he states that the trial court arbitrarily refused to allow Hugh Holbrock, law partner of appointed counsel H. J. Bressler, to remain at the counsel table. Holbrock had helped prepare the case, and had agreed to assist in the trial itself at no expense to the state. Moreover, Holbrock had counseled appellant regarding the case and had assured him that he would be present at the trial.

Although a matter of this character rests within the discretion of the trial judge, an adequate reason for disallowing the voluntary assistance of additional counsel must be reflected in the record. In the instant case, no such justification can be found. The state would not have been forced to reimburse Mr. Holbrock, and, more importantly, there is no indication in the record that an additional attorney would have impeded the fair and orderly conduct of the trial. Under the circumstances presented, the court should not have refused to permit Mr. Holbrock to sit with the defense counsel.

Appellant urges further that prejudicial error was committed when the prosecutor was allowed to ask him about a prior conviction for assault and battery without later offering proof of such a conviction.

During cross-examination of appellant the following exchange occurred:

"Q. Cox, have you ever been convicted of a misdemeanor, assault and battery?

"A. I have never been convicted of a misdemeanor or any assault and battery."

At this point, counsel for appellant moved for a mistrial upon the basis that the prosecutor had the records of appellant's prior convictions, and knew they contained no assault and battery offenses.

A similar situation was presented in *Wagner* v. *State*

(1926), 115 Ohio St. 136, 152 N. E. 28. The defendant was asked on cross-examination if he had been indicted for acts of forgery and of obtaining money by false pretenses. Although admitting he had been, he was at no time asked by counsel for the state whether he had been convicted of any of these indictments. In commenting on the unfairness of such cross-examination, the court stated, at page 137:

"It is evident that the state had no information concerning any such convictions. Manifestly these questions were asked for the sole purpose of discrediting Wagner before the jury. Questions of this kind are often permitted on cross-examination as being preliminary to the later showing that in fact the indictments inquired about resulted in convictions. When the state has no such further evidence, or produces none, then questions of this character become incompetent for any purpose, and, when counsel for the state knows that no convictions attended the indictments inquired about, then this line of cross-examination is wholly unfair, and is highly prejudicial to the accused." See *Malone* v. *State* (1936), 130 Ohio St. 443, 200 N. E. 473; *State* v. *Craven* (1973), 35 Ohio St. 2d 18, 298 N. E. 2d 597.

Appellee claims that the prosecutor's actions were justified as an attempt to bring out like and similar acts pursuant to R. C. 2945.59.[4] However, the record reflects no effort to follow the procedures established by this court for utilization of that statute (see *State* v. *Hector* [1969], 19 Ohio St. 2d 167, 249 N. E. 2d 912; *State* v. *Moorehead* [1970], 24 Ohio St. 2d 166, 265 N. E. 2d 551; *State* v. *Burson* [1974], 38 Ohio St. 2d 157, 311 N. E. 2d 526), and none of the mandatory "similar act" instructions was given

---

[4]This section, in pertinent part, provides:

"In any criminal case in which * * * the defendant's scheme, plan, or system in doing an act is material, any acts of the defendant which tend to show his motive or intent * * * or the defendant's scheme, plan, or system in doing the act in question may be proved * * * notwithstanding that such proof may show or tend to show the commission of another crime by the defendant."

to the jury. *State* v. *Flonnory* (1972), 31 Ohio St. 2d 124, 285 N. E. 2d 726. Under the facts at bar, it was prejudicial error for appellee to question appellant regarding prior convictions, without at some point in the trial offering proof thereof.

At the close of the state's rebuttal argument to the jury, the assistant prosecutor threw his badge across the courtroom. It is appellant's position that such misconduct represented an improper expression of the prosecutor's personal opinion that appellant was guilty as charged.

During final argument to the jury in a criminal case, some latitude exists concerning permissible actions and comments of counsel. However, excesses are to be avoided and the action of the assistant prosecutor is not to be condoned. As admitted by even the appellee, it was an unfortunate incident which should not have occurred.

At the conclusion of the trial, the court instructed the jury on the elements of the offense of aiding and abetting. Appellant claims error in that there was no evidence in the record to justify that aspect of the charge. Although denying that the mistake prejudiced appellant, appellee concedes that to so charge in this case was erroneous and "confusing."

Charges to the jury upon the law of a case should be confined to a charge of the law upon those material issues of fact which the evidence tends to establish. No such charge should be given unless there is evidence of record which supports and requires it. See *State* v. *Linder* (1907), 76 Ohio St. 463, 81 N. E. 753; *Bandy* v. *State* (1921), 102 Ohio St. 384, 131 N. E. 499; *Cornelius* v. *State* (Ark. 1927), 296 S. W. 53; *Moore* v. *Turner* (1952), 137 W. Va. 299, 71 S. E. 2d 342; *State* v. *Gardner* (1905), 96 Minn. 318, 104 N. W. 971.

Finally, appellant asserts that the court erred in failing to admonish the members of the jury before they went to dinner, after they had begun deliberations.

The importance of cautionary instructions is evident

from sections of the Revised Code which set forth a statutory mandate that the court give such instructions at specific times during a trial. See R. C. 2945.33 and 2945.34. The need for cautionary instructions is even more compelling after the case has been submitted to the jury, so as to impress upon the jurors the importance of deciding the case solely upon the evidence and in the confines of the jury room. However, our examination of the record discloses that the jurors were adequately and repeatedly cautioned during the trial, and we find no showing of any prejudice resulting to appellant as a result of the court's oversight in the instance complained of. Cf. *State* v. *Williams* (1974), 39 Ohio St. 2d 20, 313 N. E. 2d 859.

Although total perfection in the trial of criminal cases is a goal which is seldom attained, those errors which prejudice a defendant's right to a fair trial require reversal of a conviction. In the case at bar, prejudicial error resulted from the exclusion of the testimony of Tom Feltner and Wilma Cress, and in asking appellant about a prior conviction of assault and battery where none was ever shown. Therefore, the judgment of the Court of Appeals must be reversed, and the cause is remanded to the Court of Common Pleas for a new trial.

*Judgment reversed.*

O'NEILL, C. J., CORRIGAN, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.