Appellant Terry Pannell appeals the denial of his motion for postconviction relief without an evidentiary hearing. We affirm.
 I.
On May 19, 1995, following a jury trial, Appellant was convicted of one count of attempted murder and one count of felonious assault, both with firearm specifications. On June 2, Appellant moved for a new trial. The motion was denied on June 12, 1995. On June 15, 1995, the trial court sentenced Appellant to a prison term of ten to twenty-five years and an additional three-year term for the firearm specifications. Appellant moved for a new trial based on newly-discovered evidence on September 15, 1995. The trial court denied the motion without a hearing on December 19, 1995. This court affirmed Appellant's conviction in State v. Pannell (Apr. 17, 1996), Wayne App. No. 95CA0052, unreported ("Pannell I"). The trial court's order denying his motion for a new trial was affirmed in State v.Pannell (Sept. 11, 1996), Wayne App. No. 96CA0009, unreported ("Pannell II").
On September 23, 1996, Appellant petitioned the trial court for postconviction relief pursuant to R.C. 2953.21.[1] On November 18, 1996, the trial court denied Appellant's petition without a hearing. On October 17, 1997, the trial court issued findings of fact and conclusions of law after this court dismissed Appellant's first appeal for lack of a final, appealable order.State v. Pannell (Oct. 8, 1997), Wayne App. No. 96CA0097, unreported. Appellant timely appealed, and raises a single assignment of error.
 II. ASSIGNMENT OF ERROR The trial court erred by denying Appellant's petition for postconviction relief and by failing to grant Appellant an evidentiary hearing on his petition.
Appellant has argued that the trial court erred in denying his petition without a hearing because (1) he submitted an affidavit alleging an incident of juror misconduct during voir dire that effectively denied his right to a fair trial; (2) he was denied effective assistance of counsel at trial; and (3) he produced affidavits stating that several of the State's witnesses violated the trial court's separation order during trial.
 A.
Appellant's first argument is that juror misconduct lead to a deprivation of his right to a fair trial. He has supplemented his petition with the affidavit of Ms. Pam Robinson, who was seated as part of the venire. Ms. Robinson stated that she overheard a conversation between jurors number eighteen and twenty. She recalled that during this discussion juror eighteen turned to juror twenty and stated, "if he was chasing her with the gun he must have been trying to kill her."
Postconviction relief is available when there has been such a denial of rights as to render a conviction void or voidable under the Ohio or United States Constitutions. State v. Perry
(1967), 10 Ohio St.2d 175, 178. The doctrine of res judicata
bars relitigation in a proceeding for postconviction relief of any issue that was raised or that could have been raised at trial or on direct appeal. State v. Szefcyk (1996), 77 Ohio St.3d 93, syllabus. This bar may be defeated by the production of evidence dehors the trial court record that demonstrates that the petitioner could not have appealed the constitutional claim based solely on the contents of the record. State v.Lawson (1995), 103 Ohio App.3d 307, 315. Absent such evidence,res judicata applies. State v. Combs (1994), 100 Ohio App.3d 90,97.
This issue of juror misconduct was raised, and rejected, on direct appeal. Pannell I, supra, at 9-11. Appellant is barred by res judicata from relitigating this issue in a petition for postconviction relief.
 B.
Appellant's second argument is that he was denied effective assistance of counsel because his attorney failed to properly prepare for trial and to investigate issues crucial to his defense. When a defendant is represented by different counsel at trial and on direct appeal, res judicata ordinarily bars the relitigation of any ineffective assistance of counsel claims that could have been raised on direct appeal without reference to evidence dehors the record. State v Lentz (1994), 70 Ohio St.3d 527, syllabus. Appellant, however, was represented by the same counsel at trial and on direct appeal.
Before a hearing may be granted on a timely petition for postconviction relief, the trial court must determine whether the petition presents substantive grounds for relief. R.C.2953.21(C). A petitioner who alleges ineffective assistance of trial counsel must provide sufficient documentary evidence demonstrating deficient performance by trial counsel and resulting prejudice. State v. Jackson (1980), 64 Ohio St.2d 107, syllabus. See Strickland v. Washington (1984),466 U.S. 668, 687, 80 L.Ed.2d 674, 693; State v. Bradley (1989),42 Ohio St.3d 136, 142. Any deficiency in the performance of counsel must appear "so serious that counsel was not functioning as the 'counsel' guaranteed the [petitioner] by the Sixth Amendment," and the errors made by counsel must be "so serious as to deprive the [petitioner] of a fair trial[.]" Strickland v.Washington, 466 U.S. at 687, 80 L.Ed.2d at 693. The petitioner must demonstrate prejudice by showing that, but for counsel's errors, there is a reasonable probability that the outcome of the trial would have been different. Id. at 694,80 L.Ed.2d at 698.
Appellant has argued that his trial counsel (1) did not investigate whether Ms. Pannell was cohabitating with Terry Johnston at the time of the shooting; (2) did not investigate Ms. Pannell's reputation for untruthfulness; and (3) did not present alternative theories regarding the source of lead on Ms. Pannell's jacket. In support of his allegations, Appellant submitted the affidavit of Terry Johnston. Mr. Johnston stated that he was living with Ms. Pannell at the time of the shooting; that Ms. Pannell had instructed him to hide from sheriff's deputies; that he wore Ms. Pannell's jacket to work for two weeks prior to the shooting; and that the foundry where he was employed contained high concentrations of lead. Appellant also submitted the affidavit of Jeff Voigt, who stated that Ms. Pannell "has a history of making false statements."
Appellant raised these issues in his appeal from the trial court's denial of his motion for a new trial based on newly-discovered evidence. In Pannell II, we concluded that this evidence did not raise a strong probability of a different result at trial. Pannell II, supra, at 7-10. The trial court denied Appellant's petition based, in part, on our prior decision. The United States Supreme Court has rejected application of the strict newly-discovered evidence test to ineffective assistance of counsel claims, noting that:
 the newly discovered evidence standard is not an apt source from which to draw a prejudice standard for ineffectiveness claims. The high standard for newly discovered evidence claims presupposes that all the essential elements of a presumptively accurate and fair proceeding were present in the proceeding whose result is challenged. * * * An ineffective assistance claim asserts the absence of one of [those] crucial assurances * * * and the appropriate standard of prejudice should be somewhat lower.
(Citation omitted.) Strickland v. Washington (1984),466 U.S. at 694, 80 L.Ed.2d at 697-98. Accordingly, our conclusion inPannell II does not dictate the conclusion that there was no prejudice on Appellant's ineffective assistance claim, and his second argument is not barred by res judicata.
At trial, Ms. Pannell testified that she was not living with Mr. Johnston at the time of the shooting. The State presented evidence that marks found near holes in Ms. Pannell's jacket were consistent with lead residue from a bullet. The affidavits submitted by Appellant are merely alternative to the evidence presented at trial and are insufficient to compel a postconviction relief hearing. State v. Combs (1994), 100 Ohio App.3d 90,98. They are also insufficient to demonstrate a reasonable probability that the outcome of the trial would have been different but for counsel's actions. In the absence of prejudice that threatens to undermine confidence in Appellant's conviction, we need not address whether counsel's performance was deficient. See Strickland v. Washington, 466 U.S. at 697,80 L.Ed.2d at 699. Because Appellant's petition was supported by only alternative evidence to that presented at trial and, regardless, does not demonstrate substantive grounds for relief, the trial court did not err by denying Appellant's petition without a hearing.
 C.
Appellant's final argument is that the trial court should not have dismissed his petition without a hearing because he submitted evidence that Ms. Pannell violated the court's order separating witnesses during trial. Appellant submitted the affidavits of his mother, Gaytha Drabenstott, and a close friend, Jeffrey Voigt. Ms. Drabenstott and Mr. Voigt stated that they saw Ms. Pannell conversing periodically with two men during the trial. They stated that the conversations occurred after Ms. Pannell testified for the State's case in chief and before she was recalled as a rebuttal witness. Ms. Drabenstott stated that one of the men referred to a clipboard as he spoke with Ms. Pannell. The trial court dismissed this claim without a hearing after determining that the claim and the supporting affidavits did not present substantive grounds for relief. See R.C. 2953.21(C).
Evid.R. 615 permits a trial court to order separation of witnesses in order to prevent them from hearing other witnesses' testimony. Neither Ms. Drabenstott nor Mr. Voigt claim to have overheard the conversations between Ms. Pannell and the observers. Assuming, arguendo, that trial testimony was the subject of the conversations, this contact does not constitute error unless substantial rights of Appellant were affected. See State v. Spirko (1991), 59 Ohio St.3d 1, 14. There is no indication that this contact occurred as the result of "procurement or connivance" by the State and, therefore, the contact could not have served as the basis for refusal to permit Ms. Pannell to testify in rebuttal. State v. Cox (1975),42 Ohio St.2d 200, paragraph one of the syllabus.
Appellant admitted that he fired shots at Ms. Pannell. He alleged, however, that he is an excellent marksman and that his intention was to frighten her by firing shots and to intentionally miss her. Appellant and Richard Parr, Ms. Pannell's neighbor, testified that Mr. Johnston was living with Appellant at the time of the shooting, and that he had recently seen Mr. Johnston's car parked outside the home. During the State's rebuttal, Ms. Pannell testified that Appellant frequently went deer hunting, and she recalled that twice during their marriage he had complained about missing a shot. She also stated that Terry Johnston had stayed at her home periodically, but that he was not living with her at the time of the shooting and that they were not romantically involved.
Given the very limited nature of Ms. Pannell's statements, no substantial right of Appellant was affected by her rebuttal testimony. Accordingly, the trial court correctly concluded that there were no substantive grounds for relief presented in his third claim.
Appellant's assignment of error is overruled, and the judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Wayne, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
Exceptions.
 -------------------- LYNN C. SLABY FOR THE COURT
BAIRD, J., QUILLIN, J., CONCUR
[1] Section 3 of Senate Bill 4 provides that a petitioner who was sentenced prior to September 21, 1995, the effective date of the act, may file a petition for postconviction relief pursuant to R.C. 2953.21(A) or within one year of the effective date of the amendments. September 21, 1996, however, fell on a Saturday. In accordance with Civ.R. 6(A), Appellant's petition was timely filed on Monday, September 23, 1996. See State v.Mack (Apr. 29, 1998), Lorain App. No. 97CA006857, unreported, at 3-4 (applying the "weekend rule" to the timeliness provisions of R.C. 2953.21(A)(2)).