On this appeal from a jury verdict following trial before Judge Shirley Strickland Saffold, I concur in the judgment only. I am not comfortable with some of the majority's factual representations and legal conclusions and, as a result, I find this case presents much closer questions than my colleagues admit.
I note first of all that the victim testified she told Christina, her girlfriend's mother, of King's conduct in July 1998 and then disclosed the allegations to her own mother in September or early October 1998. Because Christina did not testify due to illness, the victim's testimony about her July 1998 disclosures is unsupported, and I am not convinced that the rape allegations can so easily be considered unrelated to her juvenile probation violation, especially in light of King's express claim that such allegations coincided with the destruction of an electronic ankle bracelet used to monitor her whereabouts.
I am also troubled by the majority's interpretation of Davis v. Alaska (1974), 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347, discussed in rejecting King's first assignment of error. The majority's statement that the victim's allegations forced her to expose one of the most excruciating experiences that can be endured by an individual assumes the truth of her testimony from the beginning, when that is exactly the question being debated. I cannot agree that the allegations here require different treatment from the allegation in Davis, when the majority's clear distinction is based upon an acceptance of the truth of the allegations. In this case, as in Davis, the juvenile's testimony was alleged to be the product of an effort to avoid the consequences of her own misconduct.
I also disagree with the majority's apparent suggestion that King was required to show that the juvenile record contained evidence of prior false accusations against others or improper sexual activities. Neither of these scenarios addresses the issue of bias in this case — evidence of prior false accusations would raise an issue of general credibility instead of a motive for fabrication in a specific instance, and evidence of other sexual activities ordinarily is excluded as unfairly bearing on propensity, either under the general rules of evidence or statutory rape shield provisions. I have pondered both State v. Cox (1975), 42 Ohio St.2d 200, 71 O.O.2d 186, 327 N.E.2d 639, and State v. Lukens (1990), 66 Ohio App.3d 794, 586 N.E.2d 1099, and cannot fathom how either case supports the propositions suggested by the majority. I believe King intended to show the victim's motivation to fabricate based on her escalating juvenile difficulties, and I would hesitate to make rules foreclosing the use of such evidence in future cases.
I agree, however, that the evidence here could have been excluded because it was only minimally probative of bias. Although an argument can be made that the victim's disclosure did, in fact, deflect attention from her misconduct, King's proffer showed a history of juvenile misconduct and did not adequately show why the disclosures resulted from a desire to avoid punishment for this incident instead of other, prior incidents. Although he claims the victim made the allegations here in order to avoid juvenile incarceration, the proffer does not clearly support that conclusion, and I would defer to the judge's discretion.
Our review of King's confrontation clause argument is de novo with respect to the legal and constitutional issues involved, but the judge's initial assessment of the probative value of the evidence is entitled to discretion within that review. See, e.g., State v. Gardner (1979),59 Ohio St.2d 14, 16-17, 391 N.E.2d 337, 340 (court must balance the purpose of the evidence and its probative value against the confidentiality interests protected); State v. Brisco (Aug. 24, 2000), Cuyahoga App. No. 76125, unreported (initial evidentiary determination reviewed for abuse of discretion; application of facts to law is de novo). I would hold that the judge did not abuse her discretion in finding that the evidence was only minimally probative of bias and, thus, conclude that the purpose of its admission did not outweigh confidentiality concerns. I realize the majority opinion might be construed consistently with this theory and concur in that opinion to the extent that it is.
I also concur in judgment only with respect to the second assignment of error because the record shows that the judge, in fact, reviewed the proffered evidence to determine whether she would allow cross-examination concerning the victim's juvenile record. I fail to see how a proper presentation of these records would have altered the judge's conclusion to exclude questioning on these issues. Again, to the extent that the majority's finding of mootness can be interpreted to conclude that King cannot show prejudice, and thus cannot support an ineffectiveness claim, I concur in that opinion. I do not join in any other construction of that finding, however, nor do I join in the remainder of the opinion on the second assignment of error.
For these reasons, I join in the affirmance of the conviction.