{¶ 41} The dissent confuses the type of personalized prejudice that results when jury members for a specific case are exposed to information about that case, which the trial court had already deemed tooprejudicial to be offered as evidence, with mere general pretrial publicity.
{¶ 42} In State v. Davis[1] and Mu'Min v. Virginia,[2] both cases cited by the dissent, a murder defendant argued that members of the jury pool had been exposed to media reports about the murder months before the trial. In both cases, the court conducted a careful and searching voir dire and questioned potential jurors, either individually or in small groups, about the impact of any pretrial publicity. In both cases, the court held that the defendant was not deprived of a fair trial due to the pretrial publicity. To equate those cases with this one, where the publicity was during trial, and where no voir dire was done, is to equate zebras with kumquats.
{¶ 43} Many events that eventually lead to a criminal prosecution are reported in the news, and many potential jurors follow the news. The impact of such pretrial publicity is clearly less prejudicial than the impact of the jury exposure in Dute's trial. In Dute's case, a majority of the jurors heard reports, during the trial, that Dute had been previously charged with and/or convicted of pandering obscenity, the very charge in the current trial. The facts of Marshall[3] and Craven[4]
are more on point than any case cited by the dissent, and they make it clear that the trial court erred in not granting a mistrial. I concur in Judge Doan's analysis.
[1] See 76 Ohio St.3d 107, 1996-Ohio-414, 666 N.E.2d 1099.
[2] (1991), 500 U.S. 415, 111 S.Ct. 1899.
[3] (1959), 360 U.S. 310, 79 S.Ct. 1171.
[4] (1973), 35 Ohio St.2d 18, 298 N.E.2d 597.